IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY TROUTT | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) ) Case No. CIV-13-540-D |
| JUSTIN JONES, and SCOTT PRUITT, | ) ) ) |
| Defendants. | ) ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). Because the petition was filed after the applicable one-year limitation period had expired, it is recommended that the petition, **ECF No. 1**, be **DISMISSED** *sua sponte* under Rule 4, Rules Governing Section 2254 Cases. It is further recommended that Plaintiff's Motion for Judgment, **ECF No. 10**, be **DENIED**.

## PROCEDURAL BACKGROUND

The following procedural background is based on Petitioner's Petition, ECF No. 1, ("Petition") and the following attachments to the Petition: the January 26, 2005 Judgment and Sentence, Case No. CF-2001-6216, District Court of Oklahoma County, Oklahoma ("trial court"), ECF 1-1 ("Judgment and Sentence"); the trial court's October 12, 2012, Order Denying Application for Post-Conviction Relief, ECF 1-2, ("Order"); and the April 13,

2013, Order Affirming Denial of Post Conviction Relief in Case No. PC-2012-987, Oklahoma Court of Criminal Appeals ("OCCA"), ECF No. 1-3, ("OCCA Order").

On January 26, 2005, Petitioner was convicted, following a jury trial, of distribution of controlled dangerous substance, AFCF, Case No. CF-2001-6216, District Court of Oklahoma County (Judgment and Sentence at 1). Petitioner appealed, and the OCCA affirmed his conviction on March 31, 2006 (Petition at 2).

On May 22, 2009, Petitioner filed his first application for post-conviction relief (Petition at 3). The trial court denied the application on June 26, 2009.

On August 28, 2012, Petitioner filed a second application for post-conviction relief in the trial court (Petition at 3; Order at 1). The trial court denied the application for post-conviction relief on October 10, 2012 (Petition at 4; Order at 4).

On November 2, 2012, Petitioner appealed the denial of his second application for post-conviction relief to the OCCA. The OCCA affirmed the trial court's denial of post-conviction relief on April 12, 2013. (OCCA Order at 3). Petitioner filed his federal habeas petition on May 28, 2013.

## ANALYSIS

### I. Timeliness of Petition

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." The issue of timeliness may be raised *sua sponte* by a federal court. See *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (affirming

2

court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that: "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner must file a federal habeas action challenging his conviction within one year of the date that his state court conviction(s) "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction became final, and the one-year limitations period began running on June 30, 2006, upon expiration of the ninety-day period during which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1272, 1273 (10th Cir. 2001) (a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed). Since the one-year limitation period is calculated using the anniversary date method, *see United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003), Petitioner's deadline for filing a federal habeas action was June 30, 2007. The instant habeas petition was filed on May 28, 2013, almost six years after the limitation period had expired. Therefore, absent statutory or equitable tolling of the limitation period, Petitioner's habeas petition is subject to dismissal as untimely filed.

## II. Statutory Tolling

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled while "a properly filed application for State post-conviction or other

3

collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

In this case, neither of Petitioner's applications for post-conviction relief tolled AEDPA's one-year limitations period because both were filed after the limitations period had expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (limitations period is not tolled by state post-conviction proceedings filed after the limitations period had expired). Accordingly, Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2) based on the applications for post-conviction relief filed after Petitioner's limitation period had expired.

### III. Equitable Tolling

The Supreme Court has held that the one-year statutory limitations period for filing a federal habeas action is subject to equitable tolling "in appropriate cases." *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

In *Holland*, the Supreme Court addressed the availability of equitable tolling where the habeas petitioner claimed that extraordinary circumstances had prevented the timely filing of his habeas petition. The Court did not address equitable tolling or an exception to the procedural bar imposed by the applicable statute of limitations premised on a claim of actual innocence. Tenth Circuit precedent holds, however, that a "sufficiently supported claim of actual innocence" creates an exception to the procedural barrier posed by the applicable limitations period. *See Lopez v. Trani*, 628 F.3d 1228, 1230-1231 (10th Cir. 2010).

In *Lopez*, the Tenth Circuit emphasized that "this actual innocence exception is rare and will 'only be applied in the extraordinary case.'" *Id.* (*quoting Schlup v. Delo*, 513 U.S. 298, 321(1995)). Based on well-established Supreme Court law, the "extraordinary case" must include a "colorable showing of factual innocence." *Herrera v. Collins* 506 U.S. 390, 404 (1993) (internal quotation and citation omitted). In this case, Petitioner has presented no new evidence of factual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. at 316.

Because Petitioner is not entitled to statutory or equitable tolling, it is recommended that the Petition be dismissed, as the claims in the Petition are clearly untimely and are barred by the one-year statute of limitations. *See Kilgore v. Estep*, 519 F.3d 1084 (10th Cir. 2008).

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus, **ECF No. 1**, be **DISMISSED** as untimely filed. It is further recommended that Petitioner's Motion for Judgment, **ECF No. 10**, be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 26, 2013**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives

the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 9, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE